IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD MIKOLA, CAROL MIKOLA, and RMCM, LLC | : : : : : : : : : : : : : : : : | 4:CV-07-0612 |
| Plaintiffs, | | (Judge McClure) |
| v. | | |
| PENN LYON HOMES, INC., HIGH TECH HOME BUILDERS, LLC, GREGORY A. NILSEN, ELIZABETH NILSEN, DAISY LANE HOLDINGS, LLC, and VERMONT ESTATE HOME BUILDERS, LLC, | | |
| Defendants. | | |

**O R D E R**

May 13, 2008

**BACKGROUND:**

On March 30, 2007, plaintiffs Richard and Carol Mikola filed a complaint against defendants, Penn Lyon Homes, Inc. ("Penn Lyon"), High Tech Home Builders, LLC ("High Tech"), Gregory A. Nilsen, Elizabeth Nilsen, Daisy Lane Holdings, LLC ("Daisy Lane"), and Vermont Estate Home Builders, LLC ("Vermont Estate"). On October 24, 2007, plaintiffs filed an amended complaint which added RMCM, LLC as a plaintiff, a company wholly owned by the Mikolas.

In their amended complaint, plaintiffs allege a cause of action based on

Pennsylvania's unfair trade practices and consumer protection law (Count I), breach of contract (Count II), negligence (Count III), breach of warranties and the Magnuson-Moss Warranty Act (Count IV), conversion (Count V), and civil conspiracy (Count VI).  The complaint stems from a contract allegedly entered into between plaintiffs and defendants in which defendants would construct a modular home and install it on plaintiff's property.  The complaint further alleges that defendants failed to properly construct and install the home and committed fraudulent and deceptive conduct along the way.

The parties are currently conducting discovery.  On March 21, 2008, defendants Greg Nilsen and High Tech filed a "Motion . . . to Quash or Modify Subpoena and for a Protective Order Limiting the Scope of the Subpoena."  (Rec. Doc. No. 65.)  Opposing and reply briefs have been filed and the matter is ripe for disposition.

**DISCUSSION:**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets the contours for discovery and provides that "[p]arties may obtain discovery of any nonprivileged matter that is relevant to any party's claim or defense."  Furthermore, the rule states that "[r]elevant information need not be admissible at the trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 45(c)(3)(A)(iii) and (iv) states that a court "must quash or modify a subpoena" that "requires disclosure of privileged or otherwise protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Similarly, Rule 26(c)(1) permits a party to move for a protective order and states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

It is well-settled that Rule 26 establishes a liberal discovery policy. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 507-08 (1947); Great West Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994). As a general rule, therefore, discovery is permitted of any items that are relevant or may lead to the discovery of relevant information. Hicks v. Big Bros./Big Sisters of Am., 168 F.R.D. 528, 529 (E.D. Pa. 1996); Transcontinental Fertilizer Co. v. Samsung Co., 108 F.R.D. 650, 652 (E.D. Pa. 1985).

Evidently, plaintiffs have served a subpoena on PennStar bank requesting documents and financial records concerning the accounts of defendants High Tech and Gregory Nilsen from January 1, 2002 to December 31, 2006. (Rec. Doc. No. 65, at 1-2.) Defendants contend that this request includes privileged, personal,

private, and sensitive financial records.  (Id. at 2.)  Defendants also contend that this time period should be limited to May 2004 (the time the contract was entered) to August 2005 (the time the project was terminated).  (Id. at 2.)

As we have mentioned in our other discovery orders, plaintiffs allege in their amended complaint that High Tech is run by defendant Nilsen and is the alter ego of him.  (Rec. Doc. No. 37, ¶ 9.)  They further allege that High Tech does not maintain a separate existence from Nilsen but rather that High Tech and Nilsen acted as a single economic entity.  (Id. ¶ 11.)  Therefore, plaintiffs seek to pierce the corporate veil and hold Gregory Nilsen personally liable for the misconduct of High Tech.  (Id. ¶ 13.)

We believe that the subpoena is reasonably calculated to lead to the discovery of admissible evidence.  These financial records may contain relevant evidence concerning whether High Tech was or was not the alter ego of defendant Nilsen.  Furthermore, although these bank records are private, we are unaware of any privilege that should operate to prevent plaintiffs from discovering these records.  Finally, we find the five-year time period of the subpoena to be reasonable.  Evidence that High Tech is the alter ego of Nilsen or that High Tech and Nilsen defrauded plaintiffs is not necessarily limited to the time period of the contract.  Therefore, we will deny defendants' motion.

**NOW, THEREFORE,  IT IS ORDERED THAT:**

1	Defendants Greg Nilsen and High Tech's "Motion . . . to Quash or Modify Subpoena and for a Protective Order Limiting the Scope of the Subpoena" is DENIED.  (Rec. Doc. No. 65.)

2.	PennStar Bank is ordered to comply with the subpoena.

s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge