IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD MIKOLA, CAROL | : | |
| MIKOLA, and RMCM, LLC | : | 4:CV-07-0612 |
| | : | |
| Plaintiffs, | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | |
| PENN LYON HOMES, INC., | : | |
| HIGH TECH HOME BUILDERS, LLC, | : | |
| GREGORY A. NILSEN, ELIZABETH | : | |
| NILSEN, DAISY LANE HOLDINGS, | : | |
| LLC, and VERMONT ESTATE HOME | : | |
| BUILDERS, LLC, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

June 4, 2008

**BACKGROUND:**

On March 30, 2007, plaintiffs Richard and Carol Mikola filed a complaint

against defendants, Penn Lyon Homes, Inc. ("Penn Lyon"), High Tech Home

Builders, LLC ("High Tech"), Gregory A. Nilsen, Elizabeth Nilsen, Daisy Lane

Holdings, LLC ("Daisy Lane"), and Vermont Estate Home Builders, LLC

("Vermont Estate").  On October 24, 2007, plaintiffs filed an amended complaint

which added RMCM, LLC as a plaintiff, a company wholly owned by the Mikolas.

In their amended complaint, plaintiffs allege a cause of action based on

Pennsylvania's Unfair Trade Practices and Consumer Protection Law (Count I), breach of contract (Count II), negligence (Count III), breach of warranties and the Magnuson-Moss Warranty Act (Count IV), conversion (Count V), and civil conspiracy (Count VI).  The complaint stems from a contract allegedly entered into between plaintiffs and defendants in which defendants would construct a modular home and install it on plaintiff's property.  The complaint further alleges that defendants failed to properly construct and install the home and committed fraudulent and deceptive conduct along the way.

The parties are currently conducting discovery.  On March 21, 2008, defendants Elizabeth Nilsen (who refers to herself as Elizabeth Waters) and Daisy Lane filed a motion for summary judgment.  (Rec. Doc. No. 67.)  An opposing brief has been filed and the time for filing a reply has since passed.  For the following reasons, we will deny the motion.

**DISCUSSION:**

### I.  Legal Standard

A district court may properly grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

Civ. P. 56(c).  An issue is genuine "if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1986). "Material facts" are those which might affect the

outcome of the suit.  Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521

(3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving

for summary judgment has the burden to show an absence of genuine issues of

material fact. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir.

1996) (citations omitted).  To meet this burden when the moving party does not

bear the burden of persuasion at trial, the moving party must show that the

evidentiary materials of record, if reduced to admissible evidence, would be

insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp.,

873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814

F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986).  More simply put, a party moving for summary judgment who does not

bear the burden of persuasion at trial is not required to negate the nonmovant's

claim, but only point out a lack of evidence sufficient to support the nonmovant's

claim. Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930

F.2d 1056, 1061 (3d Cir. 1991).

To the contrary, when the moving party bears the burden of persuasion at trial, it must point to evidence in the record that supports its version of all material facts and demonstrate an absence of material facts.  <u>National State Bank v. Federal Reserve Bank</u>, 979 F.2d 1579, 1582 (3d Cir. 1992).  If the moving party does not meet this burden, the court must deny summary judgment even if the nonmoving party does not produce any opposing evidence.  <u>Id.</u>

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that a issue of material fact remains.  <u>Matushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that creates a genuine issue as to a material fact.  <u>Celotex</u>, 477 U.S. at 32; <u>Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.</u>, 172 F.3d 238, 252 (3d Cir. 1999).

## II.  Analysis

As a preliminary matter, we note that the only count of the amended complaint that pertains to Waters and Daisy Lane is Count VI, which states a claim of civil conspiracy under Pennsylvania law against all defendants.  (Rec. Doc. No.

4

37, ¶¶ 133-39.)  Evidently, Waters was married to defendant Gregory Nilsen

during the time period of the contract at issue in this case.  Plaintiffs allege that

Waters runs Daisy Lane and that it does not maintain a separate existence from

Waters and is her alter ego.  (Id. ¶¶ 15-17.)  On April 13, 2004 High Tech and

Nilsen signed a mortgage note on real property in Milford, Pennsylvania in favor

of Daisy Lane and Waters which required that the mortgage be fully satisfied in

one year.  (Id. ¶ 79.)  High Tech and Nilsen never made a single payment and the

mortgage was not satisfied within a year.  (Id. ¶ 80.)  High Tech and Nilsen then

deeded the property to Daisy Lane and Waters in lieu of foreclosure.  (Id. ¶ 81.)

Plaintiffs allege that this transaction amounts to a fraudulent conveyance of assets

from High Tech and Nilsen to Daisy Lane and Waters in an effort to shield such

assets from creditors.  (Id. ¶ 81.)

    In their motion, Waters and Daisy Lane essentially request that we grant

summary judgment in their favor on the civil conspiracy claim because plaintiffs

have failed to set forth evidence of intent to "hinder, delay or defraud any creditor

of the debtor" and because Daisy Lane received "reasonably equivalent" value in

exchange for the transfer or obligation.  (Rec. Doc. No. 68, at 5-6.)  In fact, they

have included the affidavit of Nilsen and Waters, as well as several other

documents, in an effort to establish  that the transfer was legitimate and that High

Tech received "reasonably equivalent" value for the transfer.  (Id.)  Yet, discovery

has not yet been completed in the instant case.  In fact, we just recently ruled on a

discovery motion concerning the deposition of Waters, which had not yet taken

place as of the time this motion was filed.  Thus, to the extent defendants attempt

to seek summary judgment on this issue and present evidence outside of the

pleadings, such as Waters and Nilsen's affidavits, the motion is premature.  It is

unfair for plaintiffs to be "railroaded" by a motion for summary judgment when

they may have not had the opportunity to discover evidence essential to opposing

the motion.  Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) (noting that "[a]ny

potential problem with [premature summary judgment motions] can be adequately

dealt with under Rule 56(f), which allows a summary judgment motion to be

denied, or the hearing on the motion to be continued, if the nonmoving party has

not had an opportunity to make full discovery").

Furthermore, to the extent Waters and Daisy Lane are arguing that plaintiffs

have failed to state a claim for civil conspiracy against them, as opposed to seeking

summary judgment on the claim, we conclude that plaintiffs have adequately stated

a claim for civil conspiracy against Waters and Daisy Lane.  To establish a claim

for civil conspiracy under Pennsylvania law, a plaintiff must prove:  1) a

combination of two or more persons acting with a common purpose to do an

unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; 2)

an overt act done in pursuance of the common purpose; and 3) actual legal damage.

Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir.

2003) (citing Strickland v. Univ. of Scranton, 700 A.2d 979, 987-988 (Pa. Super.

Ct. 1997)).  Furthermore, the Pennsylvania Supreme Court has also required that

such a claim require proof of malice or intent to injure.  Thompson Coal Co. v.

Pike Coal Co., 412 A.2d 466, 472 (Pa. 1979).

Plaintiffs have alleged that the loan from Daisy Lane to High Tech as well as

the transfer of property from High Tech to Daisy Lane was a fraudulent effort to

shield assets from creditors.  (Rec. Doc. No. 37, ¶¶ 78-82.)  Furthermore, they have

alleged that Daisy Lane is the alter ego of Waters.  (Id. ¶¶ 15-17.)  Finally, they

allege that the actions were "willful, wanton, malicious and taken with reckless

and/or callous disregard for the rights and interest of Plaintiffs."  (Id. ¶ 137.)  At

this stage of the proceedings, we must assume that these allegations are true.  If

Daisy Lane and Waters were involved in a conspiracy to defraud plaintiffs by

conducting a fraudulent transfer of assets, then they may be held liable for such

wrongdoing.

Therefore, we will deny defendants' motion for summary judgment.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Elizabeth Waters and Daisy Lane's motion for summary judgment is

DENIED.  (Rec. Doc. No. 67.)


  s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

8